200 N.J. Super. 468 (1985)
491 A.2d 808
THE PASSAIC DAILY NEWS, A NEW JERSEY CORPORATION, PLAINTIFF, AND NEWARK MORNING LEDGER CO., PLAINTIFF-INTERVENOR,
v.
CITY OF CLIFTON, A MUNICIPAL CORPORATION, DEFENDANT. NEWS PRINTING COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF, AND NEWARK MORNING LEDGER CO., PLAINTIFF-INTERVENOR,
v.
CITY OF CLIFTON, A MUNICIPAL CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division Passaic County.
January 29, 1985.
*470 A.F. McGimpsey, Jr. and Thomas Cafferty, for plaintiff News Printing Company (McGimpsey & Cafferty, attorneys).
Martin Klughaupt, for plaintiff Passaic Daily News.
Lawrence Platkin, for plaintiff-intervenor Newark Morning Ledger (Robinson, Wayne, Levin, Riccio & LaSala, attorneys).
Sam Monchak, for defendant.
*471 CIOLINO, A.J.S.C.
This is an action challenging defendant City of Clifton's right to require the removal of all coin-operated news vending machines, known as honor boxes, located on sidewalks and areas between sidewalks and curbs in Clifton. Plaintiffs and intervenor are the owners of these coin-operated newspaper vending machines. Plaintiffs, who are the publishers of the Star Ledger, The Herald News, and The Morning News, together with other publishers of The New York Times, New York Post, New York Daily News, and USA Today maintain these honor boxes in various locations and zones in Clifton.
At a regular meeting of the Clifton Municipal Council held on June 19, 1984, following an affirmative vote by a majority of the council, the city manager was directed to impound all honor boxes located on city rights-of-way and to advise the owner to pick up the racks. By letter dated June 22, 1984, the Clifton Chief of Police directed all the newspaper publishers to remove various newsracks owned by them which were "in violation of N.J.S.A. 27:5-1 and Sections 16-16, 21-43 and 21-19 of the Revised Ordinances of the City of Clifton." The letter further advised that:
... under the above statute and ordinances, it is unlawful to affix your newsracks to any fence, structure, pole, tree or sign within the limits of the City of Clifton or obstruct any public highway or sidewalk thereon. Please be further advised that unless the above newsracks are removed by you within 24 hours from the receipt of this letter, summonses will be issued against you for each newsrack in violation and for each day said newsracks remain in violation.
The statute and ordinances allegedly violated are as follows:

N.J.S.A. 27:5-1. Advertising on highways and private property prohibited; penalty.
Whoever shall paint or place upon, or in any manner affix to, a fence, structure, pole, rock, tree or other object which is the property of another, whether within or without the limits of a public highway, or maintain thereon any words, device, trademark, advertisement or notice not required by law to be posted thereon, without first obtaining the consent in writing of the owner or tenant of the property, or of the body having control of the highway if placed on a highway, shall, upon complaint of the owner or tenant, or of any police officer or other person, be liable to a penalty of twenty-five dollars ($25.00) upon conviction in the municipal court of the municipality wherein the violation *472 occurred. If consent is obtained that fact shall be stated on the advertisement or notice.
....

16-16. Posting notices prohibited.
No person shall post or affix any notice, poster or other paper or device, calculated to attract the attention of the public, to any lamp post, public utility pole, shade tree, or upon any public structure or building, except as may be authorized or required by law.
....

21-43. Posting prohibited.
It shall be unlawful for any person to post, attach or permit or suffer to be posted or attached in any way or manner, any campaign literature, pictures or other writings to any tree, pole, post, trestle, traffic sign, traffic signal, wall, fence, building or other structure in the city. Nothing contained in this section shall be construed to prohibit the posting or attaching of said literature, posters, pictures or other writings on private property with the express consent of the owner thereof.
....

21-19. Obstruction in public places.
(a) No person shall obstruct unnecessarily the paved portion of any sidewalk, street or public place with any kind of vehicle or vehicles, or with any kind of box or boxes, lumber, wood or other thing.
Based upon the credible testimony adduced at trial, I find the following facts are uncontroverted: that there are 85 honor boxes presently existing in Clifton; that honor boxes of The Herald News and The Morning News were in existence in Clifton as early as March 1971; that The Morning News has 23 honor boxes in Clifton, 17 of which were cited for violations, the remaining six being located on private property; that The Herald News has 17 honor boxes located in the City of Clifton, 16 of which were cited for violations, the remaining box being located on private property; that prior to the chief of police's letter of June 22, 1984, there had been no complaints ever received by any of plaintiffs from the city concerning the honor boxes; that prior to the aforementioned letter, the city never asserted that the honor boxes were subject to the zoning law or *473 any other regulation, or were in violation of any state statute; that many of the honor boxes are affixed by use of a chain to either telephone poles, utility poles or street sign poles; and that based upon the evidence presented to the court, no complaint was ever made by either the telephone company or Public Service Electric and Gas Company to any of plaintiffs concerning the chaining of the honor boxes to their poles.
I further find that there has been a recent proliferation of honor boxes throughout the city and that these boxes are no longer limited to local papers but now include national and state circulated newspapers. Honor boxes have an increasingly important place in the newspaper industry due to the diminishing number of news outlets, such as local newsstands or other local outlets. They provide newspapers at early morning hours and make newspapers available to pedestrian and commuter traffic. No proof was offered that any of these honor boxes impede the flow of pedestrian or motor vehicle traffic.
It is to be noted that both plaintiffs and defendant called as expert witnesses licensed professional planners of the State of New Jersey who differed in their opinion as to whether the honor boxes constituted visual clutter. The city's planner rendered an opinion that they did constitute visual clutter. That planner, who prepared both the 1966 and 1978 master plan, testified that public rights-of-way cannot be zoned. Further, she disclosed that she had never given an opinion opposing honor boxes in Clifton prior to June 1984.
At the direction of the municipal governing body, the city is attempting to force removal of all newspaper vending machines located on anything other than private property, thus seeking a blanket prohibition against newspaper vending machines located on public property. There is no question that the protection of the First Amendment extends to the sale of newspapers through newspaper vending machines. See Gannett Satellite Information Network, Inc. v. Metropolitan Transportation Authority, 745 F.2d 767 (2 Cir.1984); Miami *474 Herald Publishing Co. v. City of Hallandale, 734 F.2d 666 (11 Cir.1984); Southern New Jersey Newspapers, Inc. v. New Jersey Dep't. of Transportation, 542 F. Supp. 173 (D.N.J. 1982); Miller Newspapers, Inc. v. City of Keene, 546 F. Supp. 831, 833 (D.N.H. 1982); Rubin v. City of Berwyn, 553 F. Supp. 476 (N.D.Ill. 1982); Philadelphia Newspapers, Inc. v. Borough of Swarthmore, 381 F. Supp. 228 (E.D.Pa. 1974).
Government may reasonably regulate the time, place or manner of the expression of speech, provided the regulation is content-neutral, is narrowly tailored to serve a significant governmental interest, and leaves open ample alternative channels of communication. City of Los Angeles v. Taxpayers for Vincent, ___ U.S. ___, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984); United States v. Grace, 461 U.S. 171, 103 S.Ct. 1702, 75 L.Ed.2d 736 (1983); Heffron v. International Society for Krishna Consciousness, 452 U.S. 640, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981); Kash Enterprises, Inc. v. City of Los Angeles, 19 Cal.3d 294, 138 Cal. Rptr. 53, 562 P.2d 1302 (1977); State v. Miller, 83 N.J. 402 (1980).
In its attack upon the honor boxes, the city seeks to apply a random selection of municipal ordinances and zoning laws directed at various types of signs, vending machines and handbill litter, as well as a state statute dealing with public nuisances and the obstruction of streets and sidewalks. A review of the ordinances in question reveals not one direct or specific reference to honor boxes. I find that even the most liberal construction which can be applied to these ordinances leads to a finding that honor boxes are not within their ambit. This shotgun approach cannot be characterized as a reasonable time, place or manner, regulation, which is narrowly tailored to accomplish a legitimate governmental objective, but rather it is an unreasonable attempt at regulation, over-broad in its application.
*475 Defendant contends that it furthers a substantial governmental interest in seeking to prevent visual clutter created by honor boxes and is therefore not susceptible to an overbreadth attack. Defendant relies upon and cites Taxpayers for Vincent, supra, for this proposition. It is the opinion of this court that Vincent is clearly distinguishable and applies only to the narrow facts which led to its determination. In Vincent, the Court upheld a Los Angeles ordinance which totally banned sign posting on public poles and utility poles along city streets. The signs which were posted were political in nature. There the Court held that the visual clutter caused by the sign posting was not merely a by-product of the activity, but was created by the medium itself. Clifton's attempted regulation is not an incidental restriction but an absolute prohibition.
The city has not demonstrated that these honor boxes caused any traffic problems, injuries or damage to persons or property, loss of travel enjoyment, or that they have in any other way hindered safety. Accordingly, the ordinances relied upon by defendant are not narrowly drawn, are overly broad, and do not further a substantial governmental interest. Therefore, they are declared unconstitutional as applied to prohibit all honor boxes in public areas in the City of Clifton. The city also seeks to use N.J.S.A. 27:5-1 to impose its total ban on honor boxes. Unlike the aforementioned ordinances, this statute could be interpreted to regulate honor box locations. However, as applied to the facts in this matter, specifically, the city's attempt at total prohibition, it must fail.[1]
Counsel for News Printing Company will submit an order in compliance with this opinion.
NOTES
[1] The Attorney General's office was notified of the original order to show cause and the trial date. They elected not to enter an appearance or participate.